UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Martes Niyum Brooks,                                        Case No.: 14-cv-2263 (PAM/TNL)

          Petitioner,

v.                                                                              **MEMORANDUM AND ORDER**

J. F. Caraway,

          Respondent.

---

This matter is before the Court on Brooks's Petition for a Writ of Habeas Corpus. For the reasons that follow, the Court denies the Petition.

**BACKGROUND**

In 2005, Brooks pleaded guilty in this District to possessing a firearm as a felon. (Plea Agreement (Docket No. 10, Ex. B).) Brooks had previously been convicted of at least three violent felonies, including a walk-away escape from a halfway house. (Indictment (Docket No. 10, Ex. A) at 1.) Consistent with the plea agreement, the district court determined that Brooks qualified as an armed career criminal and sentenced him to 180 months imprisonment. (Judgment (Docket No. 10, Ex. E).) Brooks did not appeal his conviction or sentence or move to vacate under 28 U.S.C. § 2255, and was incarcerated at the federal penitentiary in Terra Haute, Indiana.

Then in 2012, Brooks petitioned the Southern District of Indiana for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. for Writ of Habeas Corpus (Docket No. 1).) Brooks contended that he was "actually innocent" of being an armed career criminal because his

prior felony escape conviction was no longer a violent crime under Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 129 S.Ct. 687 (2009), and that he should be resentenced accordingly. (Id. at 5-9.) The district court denied the petition, ruling that Brooks already had a meaningful opportunity to dispute his sentence by bringing a § 2255 motion, and that his failure to do so within the deadline prevented him from filing a § 2241 petition. (Entry (Docket No. 16).)

Brooks appealed, and the Seventh Circuit vacated the district court's decision. (Mandate (Docket No. 24).) The Seventh Circuit agreed that Brooks needed to bring a timely § 2255 motion in this District. (Id. at 2.) Nonetheless, the Seventh Circuit remanded the case to the district court for transfer to this District to "consider whether to convert the petition to a § 2255" motion. (Id.; Order (Docket No. 26).)

**DISCUSSION**

A federal prisoner generally may pursue post-conviction relief from an unlawful conviction or sentence through one of two procedural vehicles. First, the prisoner may attack the validity of a conviction or sentence by bringing a motion to vacate in the sentencing district under 28 U.S.C. § 2255. Section 2255 motions are subject to a one-year statute of limitations and, if second or successive, a certification requirement. 28 U.S.C. § 2255(f), (h). Second, the prisoner may challenge the execution of a sentence by filing a petition for a writ of habeas corpus in the incarcerating district under 28 U.S.C. § 2241.

Brooks's petition tries to evade this procedural framework. Within the framework, a § 2255 motion is the exclusive remedy for a prisoner attacking the validity of a sentence. See 28 U.S.C. § 2255(e); Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."). By claiming that changes in the law call into question his status as an armed career criminal, Brooks attacks the validity of his sentence. So by asserting that claim in a § 2241 petition instead of a § 2255 motion—presumably to dodge the applicable statute of limitations—Brooks violates the exclusive-remedy rule. His petition is therefore barred by the rule.

The exclusive-remedy rule does have two qualifications, but neither is satisfied here. In rare circumstances, a § 2241 petition that is barred by the exclusive-remedy rule may be treated as a § 2255 motion and transferred to the sentencing district. Yet Brooks's petition would be precluded by § 2255's limitations period because more than one year passed between the Supreme Court's decisions in either Begay (2008) or Chambers (2009) and Brooks's filing of the petition (2012). See 28 U.S.C. § 2255(f)(3). Given that the petition would be time-barred under § 2255, the Court declines to treat the petition as a § 2255 motion.

In addition, a savings clause allows a prisoner to attack the validity of a conviction or sentence through a § 2241 petition if a § 2255 motion is "inadequate or ineffective" to test the legality of the conviction or sentence. 28 U.S.C. § 2255(e). But the prisoner bears the

3

burden of showing that a § 2255 motion would be inadequate or ineffective. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). And to make that showing, the prisoner must point to more than a procedural barrier—like an expired statute of limitations—to bringing a § 2255 motion. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). The fact that Brooks may not now use § 2255 because the one-year limitations period has run does not alone render § 2255 inadequate or ineffective. Section 2255's one-year window provided Brooks a reasonable opportunity to raise his claim, and his decision not to avail himself of that remedy does not reveal any inadequacy in the statute. Nor has Brooks presented any other evidence showing that a § 2255 motion would be inadequate or ineffective.

Unless a prisoner can show that at § 2255 motion is inadequate or ineffective to test the legality of a conviction or sentence, a federal district court does not have jurisdiction to hear a § 2241 petition. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). Because Brooks has not shown such inadequacy or ineffectiveness, the Court lacks jurisdiction over his petition.

**CONCLUSION**

Brooks's § 2241 petition is barred by § 2255's exclusive-remedy rule, should not be treated as a § 2255 motion as it would be time-barred, and cannot be saved for § 2255 provided an adequate and effective remedy. The Court thus lacks jurisdiction over the petition. Accordingly, **IT IS HEREBY ORDERED** that:

1. Brooks's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

2. This case is **DISMISSED** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 10, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge